## Case No. 2,573.

### CHAFFIN v. ST. LOUIS.

[4 Dill. 24;[1] 23 Int. Rev. Rec. 320; 5 Cent. Law J. 284; 25 Pittsb. Leg. J. 34; 2 Cin. Law Bul. 237.]

Circuit Court, E. D. Missouri. 1876.

JURISDICTION OF UNITED STATES CIRCUIT COURT —STOCKHOLDER'S BILL.

The United States circuit court will not entertain a bill in equity by a non-resident stockholder of a domestic corporation, where it appears that the issues raised by the bill have been already adjudicated in a suit brought in the state court between the corporation and the proper adversary parties, and litigated there without fraud or collusion.

This is a bill in equity by complainant, a citizen of Massachusetts, and the owner of one hundred and twenty-five shares of capital stock in the St. Louis Gas Light Company, on his own behalf and that of other

stockholders who may join him, against the St. Louis Gas Light Company and the directors thereof, and the Laclede Gas Light Company, and the city of St. Louis, to procure the cancellation of certain contracts, to which said corporations are parties. 4 Dill. 19 [Case No. 2,572].

The amended bill of complaint states that, under the charter of the St. Louis Gas Light Company, the city was entitled to purchase the works, etc., of the said company, at a price to be determined by arbitrators, in 1860 and 1865, if it elected at either of said times so to do; and that by a contract between the city and the company, of January 9th, 1846, the city relinquished its right to purchase in 1860; and said contract thereupon further provided that if the city should not exercise its right to purchase in 1865, it might purchase in 1870, in the same manner and to the same effect as is provided in the charter; and it is charged that said contract is and was invalid, illegal, void, and of no binding force, etc.

It is further alleged that in 1870 the city instituted an action in the circuit court of St. Louis county, to enforce said contract and acquire said works, etc., thereunder, and that the directors of the St. Louis Gas Light Company did not properly and in good faith defend said action, and that during its pendency, in 1873, another contract was entered into between the city and the gas light companies, which was also illegal and void, and that said suit resulted adversely to the St. Louis Gas Light Company, and thereby, and by said illegal contracts, said complainant's shares of stock therein have suffered great depreciation in value, and, as against the city, it is prayed that said contracts of 1846 and 1873 be declared void and be cancelled, and that the city be enjoined from claiming or exercising any rights thereunder.

The separate answer of the city of St. Louis, to which exceptions have been taken and are now urged, is as follows:

"And further answering, said defendant says that on the 21st day of May, 1870, the city of St. Louis instituted an action in the circuit court of St. Louis county (being the suit mentioned in the amended bill herein), against the St. Louis Gas Light Company, for a specific performance of said contract of January 9th, 1846, which said action was entitled: The City of St. Louis, plaintiff, against the St. Louis Gas Light Company, defendant; and said St. Louis Gas Light Company duly appeared in said action, and defended the same, and alleged in its answer to plaintiff's petition therein, that said contract of January 9th, 1846, was invalid, for the same reasons now herein urged by complainant in his amended bill of complaint; that said suit was proceeded with in said county; and thereafter, upon August 4th, 1875, the Laclede Gas Light Company was joined as a party defendant therein, and thereupon it also appeared by counsel and

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

defended; that said suit was thereafter duly tried and heard by said court upon evidence and witnesses adduced and heard on the part of plaintiff herein, the city of St. Louis; also, on the part of said St. Louis Gas Light Company and said Laclede Gas Light Company; and such further proceedings were had therein, that, on June 1st, 1876, an interlocutory decree was rendered in said cause by said court, in which it was, amongst other things, adjudged and decreed by said court that said contract of January 9th, 1846, was and is a valid and lawful contract, and binding upon the St. Louis Gas Light Company; and said gas light company was forever enjoined and restrained from manufacturing or selling gas in the city of St. Louis, or its suburbs, or prosecuting the business of a gas light company; and a receiver was appointed of all the property and effects of said gas light company; and said receiver thereafter duly entered into the possession of the same, and now holds the same, and is manufacturing and selling gas in St. Louis, under the order and direction of said court; that further proceedings being had, a final decree in said cause was entered on the 12th day of February, 1877; that thereupon the said St. Louis Gas Light Company filed a motion for a new trial and for a rehearing in said cause; which motion is now pending and undetermined in said court.

"And herewith is presented and filed a certified copy of the original petition in said cause, the answer of the St. Louis Gas Light Company thereto—to amended and supplemental petition of plaintiff therein; the demurrer of the St. Louis Gas Light Company thereto; also the demurrer of the Laclede Gas Light Company, and a judgment of said court overruling said demurrers; the answer of the St. Louis Gas Light Company; and the replications of the city of St. Louis thereto; the interlocutory decree of June 1st, 1876, therein; and the final decree of February 12th, 1877 [therein, which said certified copy is marked 'Exhibit A,' and this answer, and is herewith filed].[2]

"And said defendant alleges that said cause—so instituted as aforesaid in the circuit court of St. Louis county—is still pending in said court; and that the same identical matters, questions, and issues were presented for trial, adjudication, and determination in said case, in said circuit court of St. Louis county, as are here presented for trial, adjudication, and determination, to this honorable court, by the amended bill of complainant herein; that said circuit court of St. Louis county had full, ample, and complete jurisdiction to hear and determine said matters, questions, and issues, and each and all of them, in said case; and that it did hear and determine the same, and all of them, and perpetually enjoin the St. Louis Gas Light Company from manufacturing and

selling gas in St. Louis; that the said St. Louis Gas Light Company is now bound by said injunction, and subject to the further order of said circuit court of St. Louis county in said cause; that the St. Louis Gas Light Company and the directors thereof, in good faith, defended said action in the circuit court of St. Louis county, by counsel learned in the law, duly employed by them for that purpose, and they are now defending the same; that the proceedings, orders, and judgments of said circuit court of St. Louis county in said cause are now in full force, and unreversed, and binding upon the St. Louis Gas Light Company, its directors and stockholders, including the complainant herein, if he be a stockholder, as alleged in his amended bill of complaint."

A certified copy of the record, including the proceedings, pleadings, and decrees in said cause in the state court, is filed with the answer as an exhibit.

The complainant excepts to the above parts of said answer, on the ground that they fail to state facts sufficient to constitute a legal defense to his amended bill of complaint; and the questions presented by said exceptions are now here to be determined.

F. J. Bowman, for plaintiff.
L. Bell and E. T. Farish, for St. Louis.

DILLON, Circuit Judge. The answer sets up the suit of the city of St. Louis, commenced in May, 1870, in the state court, against the St. Louis Gas Light Company (in which the present plaintiff is a stockholder), to enforce the right of the city to purchase the works and property of the gas company, conferred by the legislature of the state in that behalf, and by the contract of January 9th, 1846. This alleged right of the city to make such purchase was denied by the gas company, and the record of that suit shows that such right was vigorously resisted at every step of the progress of that suit. After a hearing on the merits, that court, June 1st, 1876, entered an interlocutory decree declaring that the contract of January 9th, 1846, was valid, and that the city had the right to purchase the works and property of the gas light company; and afterwards, on the 12th day of February, a final decree was rendered effectuating such right, and declaring that all the estate, interest, and claim of the gas light company to its works and property be vested in the city of St. Louis; which decree is alleged in the answer to be in full force and unreversed. The present suit by a stockholder in the said gas light company was brought in this court November 23d, 1876, which was after the interlocutory decree above mentioned was rendered in the state court.

One of the main objects of the present bill is to have the contract of January 9th, 1846, declared null and void as respects the gas light company. But the state court having jurisdiction of the suit of the city against

---

[2] [From 25 Pittsb. Leg. J. 34.]

the gas light company, upon pleadings presenting that precise issue, has judicially determined that said contract, in the respect here involved, was a valid contract, and the answer which pleads this decree avers that the gas light company and the directors in good faith defended said action in the state court, and are now defending the same, and further avers that the decree in the said suit, which is in full force, is binding upon the gas light company, its directors and stockholders, including the complainant. A decree thus rendered upon adverse proceedings, and without fraud and collusion, is binding upon the gas light company, and upon its stockholders; and the latter cannot as we said when the injunction asked for was denied, afterwards draw the litigation into a federal court in a suit between themselves and the litigants in the state court. If this could be done, there would be no end to a suit against a private corporation so long as any stockholder should see fit to re-litigate the same controversy in his own name.

The exceptions to the answer are disallowed. Ordered accordingly.